UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE SMITH, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-5684 |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA | SECTION "L" (4) |

**ORDER & REASONS**

Before the Court is Defendant American Bankers Insurance Company of Florida's motion for summary judgment. (Rec. Doc. 15). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

**I.  UNCONTESTED FACTS**

This case arises from damage sustained during Hurricane Isaac. Plaintiffs Ronnie and Caroline Smith contracted with American Bankers for a standard flood insurance policy ("SFIP") issued pursuant to the National Flood Insurance Program ("NFIP"). The SFIP was in effect from June 1, 2012, to June 1, 2013, and included $250,000.00 in building coverage and $100,000.00 in contents coverage. On August 28, 2012, the Smiths' house sustained damage from flooding caused by Hurricane Isaac. Shortly thereafter, American Bankers assigned an independent adjuster, David Onstad, to assist the Smiths in estimating their loss. On September 17, 2012, American Bankers advanced $10,000.00 for building damages and $5,000.00 for contents damages. On October 2, 2012, American Bankers made further payments of $48,989.72 for building damages and $44,115.97 for contents damages. Together, these payments amounted to $108,105.69.

On September 19, 2012, the Smiths provided the independent adjuster, Mr. Onstad, with an estimate prepared by Prestige Facility Maintenance Services, LLC., which stated it would cost

$64,268.00 to replace all the ceramic tile in the house. On October 26, 2012, the Smiths' adjuster, Michaelson & Messinger Insurance Specialists LLC, submitted a proof of loss form to American Bankers, which was signed by Mr. Smith.

This proof of loss listed the $250,000.00 coverage limit and the $1,000.00 deductible but indicated that the net amount claimed under the SFIP was "undetermined." (Rec. Doc. 15-5 at 2). Further, the cover letter indicated that American Bankers should contact Michaelson & Messinger "[s]hould you have any questions or need anything additional." (*Id*. at 1).

On November 24, 2012, American Bankers rejected the claim. Specifically, it stated that "[t]he reason for rejection is that the claim has been paid in full for flood damages to the building . . . and contents, as provided under the first Proof of Loss submitted by the insured parties, in the amount of $98,967.87." (Rec. Doc. 15-6 at 1). In doing so, it denied coverage with regard to the ceramic tile. On December 6, 2012, Michaelson & Messinger submitted an estimate to the independent adjuster, Mr. Onstad, which indicated damage of $221,431.90 and referenced the loss. (Rec. Doc. 15-8). On February 16, 2014, American Bankers again denied the claim. The following year, on January 19, 2013, the Smiths filed an appeal with the Federal Emergency Management Agency ("FEMA"), which was denied on April 17, 2013.

On August 29, 2013, the Smiths filed this action alleging that American Bankers breached the SFIP, breached the implied covenant of good faith and fair dealing by failing to properly, timely, and fairly adjust their claim under the SFIP, and made negligent misrepresentations. (Rec. Doc. 1). American Bankers answered, denying the allegations and alleging a number of affirmative defenses. (Rec. Doc. 4).

## II.    PRESENT MOTION

American Bankers now moves for summary judgment. (Rec. Doc. 15). Specifically, it argues that the Smiths' proof of loss is invalid because it does not provide an amount claimed, and because a valid proof of loss is a condition precedent to litigation, the Smiths' complaint must be dismissed. The Smiths respond, arguing that the proof of loss is valid because it, with the estimate, provided extensive information about the amount claimed. (Rec. Doc. 18). American Bankers then replies that the Smiths were required to submit a proof of loss that complied with the SFIP, not one that merely substantially complied with it. (Rec. Doc. 23). Specifically, it argues that, even if the Smiths had submitted the proof of loss and the estimate contemporaneously, the proof of loss would still not be valid because it did not include an amount claimed.

## III.   LAW & ANALYSIS

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or

'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

SFIPs are governed by statute and FEMA regulations. *Worthen v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 463 F. App'x 422, 426 (5th Cir. 2012) (citing 42 U.S.C. § 4011(a)). Any interpretation of those regulations by FEMA also governs, as long as that interpretation is not inconsistent with the regulations or plainly erroneous. *Id*. (citing *Stinson v. United States*, 508 U.S. 36, 45 (1993)). SFIPs must be "'strictly construed and enforced.'" *Id*. (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). "In addition, the insured is charged with constructive knowledge of the policy provisions and of the NFIP . . . 'regardless of actual knowledge of what is in the [r]egulations or of the hardship resulting from innocent ignorance.'" *Id*. (quoting *Fed. Crop. Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947) (alteration in original))). Although federal law governs SFIPs, "general principles of state insurance law may be useful" in interpreting them. *Id.* at 425.

Under the SFIP, the insured must submit a proof of loss that meets certain requirements.

> 4.  Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>     a.  The date and time of loss;
>     b.  A brief explanation of how the loss happened;
>     c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>     d.  Details of any other insurance that may cover the loss;
>     e.  Changes in title or occupancy of the covered property during the term of the policy;

>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
>
> i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. pt. 61, app. A(2), art. VII(J). The SFIP further provides that the insureds "may not sue [the insurer] to recover money under this policy unless [the insureds] have complied with all the requirements of the policy." *Id*. art. VII(R).

Generally, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the [SFIP], relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954. However, a proof of loss may be considered even if it does not provide a "specific amount of damages" as long as it "provide[s] at least enough information for FEMA to evaluate the merits of the claim." *Copeland v. Fed. Emergency Mgmt. Agency*, No. 03–2704, 2004 WL 325577, at *1, *3 (E.D. La. Feb. 18, 2004) (Barbier, J). Additionally, the standard proof of loss form created by the Office of Management and the Budget—and which was used by the Smiths—provides that "[a]ny other information that may be required will be furnished and considered a part of this proof." (Rec. Doc. 15-5 at 2).

The Smiths filed a timely, formal proof of loss but did not specify an amount. Thus, it is necessary to determine whether the Smiths' proof of loss was valid under the SFIP even without a specific amount of damages. As discussed above, the Smiths' proof of loss listed the $250,000.00 coverage limit of the SFIP but indicated that the amount of the claim was, as of yet,

5

undetermined.[1] Thereafter, the Smiths separately submitted an estimate itemizing $221,431.90 in damage and referencing that proof of loss. As addressed above, the proof of loss form, created by FEMA, provides that "[a]ny other information that may be required will be furnished and considered a part of this proof." (Rec. Doc. 15-5 at 2). Given the extensive nature of the damage to the Smiths' house, it would be unreasonable to assume that the Smiths could have quantified that damage within 60 days of the loss. Instead, it was appropriate for them to submit a proof of loss with the information available to them and later supplement that with an estimate. Therefore, when considered together, the proof of loss and the estimate provided enough information for American Bankers to evaluate the Smiths' claim. In fact, after evaluating their claim—and paying it—American Bankers rejected the amount from the estimate on the basis that it included non-covered losses, not that it was not initially listed in the proof of loss itself. The mere fact that the Smiths submitted a proof of loss that referenced the policy limits but did not provide a specific amount does not make that proof of loss invalid under the SFIP, especially where it has been further supplemented by a detailed, specific estimate.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that American Bankers' motion for summary judgment (Rec. Doc. 15) is **DENIED**.

New Orleans, Louisiana, this 22nd day of May, 2014.

UNITED STATES DISTRICT JUDGE

---

[1] This is distinguishable from *Gowland v. Aetna*, in which the insureds did not submit *any* timely, formal proof of loss, but instead "advised [the insurer] that the amount of loss had yet to be determined." 143 F.3d at 952. It is also distinguishable from *Forman v. Federal Emergency Management Agency*, in which the insured expressly disavowed the amounts on the timely, formal proof of loss form as "unacceptable." 138 F.3d 543, 545 (5th Cir. 1998).